No. 33,570

THE STATE OF KANSAS, ex rel. CLARENCE V. BECK. Attorney General, Plaintiff, v. B. L. GLEASON, Defendant.

(84 P. 2d 48)

Opinion on postdecision motions filed October 18, 1938. (For original opinion see 148 Kan. 1, 79 P. 2d 911.)

*Clarence V. Beck,* attorney general, and *Theo. F. Varner,* assistant attorney general, for the plaintiff.

*William H. Vernon, Vincent G. Fleming,* both of Larned, *James E. Smith, E. H. Hatcher* and *Frank H. McFarland,* all of Topeka, for the defendant.

*Hal E. Harlan, A. M. Johnston,* both of Manhattan, *Harry W. Fisher,* of Fort Scott, *Albert Faulconer, Kirke W. Dale, C. L. Swarts* and *Donald Hickman,* all of Arkansas City, attorneys for the Kansas Medical Society, as *amici curiae.*

The opinion of the court was delivered by

HARVEY, J.: At the time defendant filed his motion asking the court to determine certain questions of law prior to the trial of issues of fact, which motion was allowed, and later the questions submitted were briefed and argued and in due time determined in our opinion (*State, ex rel., v. Gleason,* ante, p. 1, 79 P. 2d 911), defendant also filed a motion for judgment on the pleadings. This motion was held in abeyance pending the determination of the specific questions submitted. At the close of our opinion on these questions (*ante,* pp. 1 to 15, 79 P. 2d 911, 920), we invited suggestions of counsel as to what further orders should be made or proceedings had in the action. In response to this invitation plaintiff filed a motion for judgment on the pleadings in harmony with the court's opinion. Defendant, without withdrawing his motion for judgment on the pleadings, filed a motion for the appointment of a commissioner to take evidence and make findings of fact and conclusions of law. He also filed a motion for rehearing. Thereafter, having considered the matter, the court

overruled the motion for rehearing, and set for hearing in open court, upon briefs and oral arguments, the motions of the respective parties for judgment upon the pleadings. In doing so we invited counsel to suggest, and, if possible, to agree upon the form of an appropriate decree in harmony with the opinion of the court. In the order for this hearing it was pointed out that if the motions for judgment were sustained there would be no necessity of considering the motion for the appointment of a commissioner, but if counsel desired to press that motion it would be heard on the same day, and in that event the court would like counsels' views as to the matters to be inquired into by the commissioner.

Upon the hearing of these motions we were informed by the assistant attorney general, who has handled the case on behalf of plaintiff from the beginning, that this action was brought at the request of those licensed in this state to practice osteopathy, including the defendant, and for the sole purpose of having the decision of this court upon the major questions of law involved, which questions were formulated by defendant and were submitted to the court and decided in its opinion, and that it was not contemplated to ask the court in this case to go into the details of the narrow field where the two systems of healing, otherwise well outlined as being separate and distinct, might have some things in common, and to say that a specific act or thing could or could not be done lawfully by an osteopath. These statements as to the circumstances under which the action was brought, and the purposes it is designed to accomplish, were not controverted by defendant. We think, therefore, that final judgment should be entered in this case in harmony with our opinion, and that the motion for the appointment of a commissioner should be overruled.

In its petition plaintiff alleged defendant owns and operates a hospital in which he practices medicine and surgery generally, and in which he permits other persons licensed only as osteopaths to practice medicine and surgery generally. We are asked to oust defendant from so practicing medicine and surgery in his hospital, and this will be done. We are asked also to oust him from permitting others, licensed only as osteopaths, to practice medicine and surgery generally in his hospital. We decline to make that order, since it would require defendant to watch continuously what other licensed osteopaths are doing in his hospital. We think that burden should not be put on defendant; that those licensed as osteopaths only

should guard their own conduct in this respect. The hospital, of course, may be operated lawfully for the practice of osteopathy. Persons licensed only as osteopaths, if heretofore mistaken as to their authority with respect to the practice of medicine and surgery, and who, because of such mistake, had extended their practice into a field in which they are not authorized to engage, should, and in all probability will, hereafter conform their practice to the science or system of osteopathy as distinct from the practice of medicine and surgery, in harmony with our statutes as construed in our opinion in this case. If defendant, or any other person licensed only as an osteopath, should fail to confine his practice of the healing art to the science or system of osteopathy, as that term is used in our statutes, as interpreted and construed in our opinion, any remedies the state or others have with respect thereto are not abrogated or decreased by anything we have said in this case.

Therefore, it is by the court considered, adjudged and decreed that the defendant, B. L. Gleason, be and he is hereby ousted from the practice of medicine and surgery; and it is further adjudged and decreed that under his license to practice osteopathy he is limited in the practice of the healing art to the practice of the science or system of osteopathy authorized by our statutes pertaining thereto, as such statutes have been defined and construed in the opinion of the court heretofore rendered in this cause.

The motion for the appointment of a commissioner is overruled.